UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSEPH THOMAS SPANN,	Civil No. 09-542 (RHK/JSM)

    Petitioner,

**REPORT AND RECOMMENDATION**

v.

JOHN KING,

    Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.   BACKGROUND

In 1996, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on charges of first degree murder while committing an aggravated robbery, intentional second degree murder, and first degree aggravated robbery. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner challenged his conviction on direct appeal, raising several claims that involved the sufficiency of the evidence, various evidentiary rulings, and alleged discovery violations. The Minnesota Supreme Court rejected all of Petitioner's claims, and affirmed his conviction and sentence on direct appeal. State v. Spann, 574 N.W.2d 47 (Minn. 1998), [hereafter "Spann I"].

In April 2006, Petitioner challenged his conviction and sentence again, by filing a post-conviction motion in the state trial court.[2] Petitioner raised three claims in his post-conviction motion: (1) the elements of the offense for which he was convicted were not included in the indictment; (2) he was erroneously convicted of a lesser included offense; and (3) the jury that convicted him was "selected from racially non-neutral selection procedures." (Petition, [Docket No. 1], pp. (3) - (4), ¶ 11(a).) The post-conviction motion was denied by the trial court, and Petitioner then filed another appeal. The Minnesota Supreme Court again upheld Petitioner's first degree murder conviction and sentence, but modified the judgment by vacating "the convictions for the lesser-included offenses of intentional second-degree murder and first degree aggravated robbery, offenses for which [Petitioner] received no sentence." Spann v. State, 740 N.W.2d 570, 574 (Minn. 2007), [hereafter "Spann II"].

Petitioner's current federal habeas corpus petition was filed on March 6, 2009. This petition lists three claims for relief, which Petitioner has summarized as follows:

---

[2] The filing date of Petitioner's post-conviction motion is provided by the Minnesota Supreme Court's subsequent opinion in the matter. Spann v. State, 740 N.W.2d 570, 572 (Minn. 2007) ("[o]n April 26, 2006, proceeding pro se, Spann filed a petition for postconviction relief...").

(1) "Elements of Minn. Stat. § 609.11 subd. 5 are not included in the indictment and charged in separate offense."

(2) "Defendant cannot be convicted of crime charged and lesser included offense based on same criminal act."

(3) "Petitioners [sic] fundamental right to equal protection under the 14th Amend. to the U.S. Constitution was violated when the petit jury was selected from racially non-neutral selection procedure."

(Petition, pp. (5) - (6), ¶ 12.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.   DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.  The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

>**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.[3]

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on January 22, 1998. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).

---

[3] It appears that Petitioner's state post-conviction motion may have included a claim based on Blakely v. Washington, 542 U.S. 296 (2004) – a case that was not decided until after Petitioner was sentenced. However, there is no Blakely claim listed in the current petition, and, in any event, Blakely has no bearing on the present statute of limitations analysis because the holding of that case is not retroactively applicable on collateral review. United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir.2005) (per curiam) (unpublished opinion), cert. denied, 547 U.S. 1028 (2006).

Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.

Therefore, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on April 22, 1998 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal in Spann I.  The statute of limitations expired one year later, on April 22,1999.  Because Petitioner did not file his current petition until March of 2009, which was nearly ten years after the statute of limitations deadline, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding.  The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court.  The statute of limitations expired on April 22, 1999, and Petitioner did not file his state post-conviction motion until April 26, 2006 – more than seven years after the federal habeas limitations period had expired.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").  Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed.  See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he

5

one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in April 1999, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion.[4]

---

[4] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

6

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case

on April 22, 1999. However, Petitioner did not file his current petition until March 6, 2009 – almost ten years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), *if* it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not seek post-conviction relief in the state courts until April 2006, which was seven years after the federal statute of limitations had already expired.[5] The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, that this action must be summarily dismissed with prejudice.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

---

[5] Even if the federal statute of limitations had not begun to run until after Petitioner's state post-conviction proceedings were completed, (i.e., even if the post-conviction motion did not merely toll the statute, but actually 'reset the clock'), this action still would be time-barred. Petitioner has indicated that the Minnesota Supreme Court did not rule on his post-conviction motion until March 25, 2008, (Petition, p. (4), ¶ 11(b)(6)), which was less than a year before he filed his current petition. However, the State Supreme Court's decision in Spann II is dated November 1, 2007. This suggests that the present action, which was not filed until March 2009, would be barred by the one-year federal statute of limitations, even if the limitation period did not begin to run until Spann II was decided.

   2.  This action be DISMISSED WITH PREJUDICE.

Dated:      March 13, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 30, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.